## Belt *et al. v.* Farrow.

1. A verdict is not challengeable for not allowing a sum for rent where the pleadings set up no claim for rent, but only for a balance of purchase money and interest thereon.
2. Where the error in the verdict is so trifling in amount as not to justify the expense of another trial, a reviewing court may decline to order a new trial, the judge below having denied the application therefor.

November 18, 1889.

Verdict. Pleadings. New trial. Practice. Before Judge Hines. Burke superior court. February adjourned term, 1889.

Reported in the decision.

R. O. Lovett, for plaintiffs in error.

No appearance *contra.*

Bleckley, Chief Justice.

By written contract between these parties, Farrow rented of Belt, for five years, certain premises at forty dollars per year. The same contract gave the privilege of purchasing at five dollars per acre. Near the close of the third year, a payment was made on the purchase of one hundred dollars, and in each succeeding year, save one, a like payment, and in one of these years two like payments were made, until $500 had been paid in the aggregate. Upon a survey of the tract it turned out to contain one hundred and five acres, and thereupon it seems that Farrow offered to pay Belt twenty-five dollars more. Belt refusing to receive it and make a title, Farrow filed a bill continuing the alleged tender, and praying that a title be decreed. The bill was amended, setting up that the written contract was changed to the effect that Farrow was to have the land by paying five dollars per acre in yearly instalments of one hundred dollars each, without interest. Belt, by cross-bill, set up that Farrow was indebted to him for over one

hundred dollars of the agreed purchase money, besides interest. The evidence as to there being a new contract was directly conflicting, one party swearing that there was, and the other that there was not. The jury found that Belt should make a deed of conveyance upon the payment by Farrow of twenty-five dollars, without interest. A motion for a new trial on the general grounds only was denied.

1. In the argument here it was contended that the verdict was contrary to evidence, because only two years' rent had been paid, and the rent of forty dollars for the third year was still unpaid; and because some interest on the purchase money was due, and none of it allowed by the jury. Belt may have been entitled to rent (we suppose he was) for the third year, but he made no claim for it in his cross-bill; his pleadings say nothing about rent, and therefore the jury did not and could not deal with the subject.

2. If the facts were as testified to by the prevailing party, no interest accrued upon the purchase money except upon the one hundred dollars which should have been paid in a given year and was not paid until June of the next year; and perhaps some little interest on the remnant of twenty-five dollars; but these items are too small to warrant the expense of another trial, and as the judge who presided was satisfied with the verdict, we shall let it stand.　　*Judgment affirmed.*